# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel. Bryan Sandager, | Court File No. 08-CV-4805 (PAM/TNL) |
| Plaintiff, | |
| v. | |
| Dell Marketing L.P.;<br>Vion Corporation;<br>ImmixTechnology, Inc.;<br>Government Acquisitions, Inc.;<br>Emtec Federal, Inc.;<br>Force 3, Inc.;<br>Unistar-Sparco Computers, Inc.;<br>Lyme Computer Systems, Inc.;<br>Insight Public Sector, Inc.;<br>Red River Computer Company;<br>MA Federal, Inc.;<br>Marzik, Inc.;<br>Promark Technology, Inc.;<br>World Wide Technology, Inc.;<br>AC Technology, Inc.;<br>A&T Marketing, Inc. d/b/a A&T Networks;<br>PC Specialists, Inc. a/k/a Technology Integration Group;<br>PC Mall Gov, Inc.; and<br>Commercial Data Systems, Inc; | **ORDER** |
| Defendants. | |

This matter is before the Court upon the request of Defendants Dell Marketing, L.P.,

Insight Public Sector, Inc., P.C. Mall Gov, Inc., P.C. Specialists, Inc., and World Wide

Technology, Inc. ("Requesting Defendants") for an increase in the Local Rule 7.1(d) word count limitation relating to their forthcoming motions to dismiss the Amended Complaint. (Docket Nos. 110, 112.)  Plaintiff Bryan Sandager does not object to the request provided that the Court grant him a corresponding increase in word count should he make such a request in the future.  (Docket No. 111.)  Plaintiff may certainly request an increase in word count if he deems such a request necessary, but the Court will not commit to granting such a request in the abstract.  The Court will decide any future requests on the basis of their merits.  Turning to the request before it, the Court will grant the Requesting Defendants an increase in word count as specified below.

      Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Dell Marketing, L.P., Insight Public Sector, Inc., P.C. Mall Gov, Inc., P.C. Specialists, Inc., and World Wide Technology, Inc. shall have a collective total of 22,000 words in which to jointly present their motions to dismiss;

2. The 22,000 word limit shall include opening memoranda and reply memoranda; and

3. Defendant World Wide Technology, Inc. shall have an additional 1,400 words in which to address its individualized defense that it did not sell the product at issue in this case.

Dated: <u>January 10, 2012</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge